IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SAVINA ROCHA FERNANDEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-460 |
| | § | |
| FIDELITY NATIONAL PROPERTY | § | |
| AND CASUALTY INSURANCE CO. | § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company (Fidelity); the Motion seeks the dismissal of the Complaint of Plaintiff, Savina Rocha Fernandez, as time-barred. The Motion will be denied.

The relevant facts are undisputed. Plaintiff's home was damaged by flooding during Hurricane Ike. At the time it was insured under a Standard Flood Insurance Policy (SFIP) issued by Fidelity, a WYO carrier in the National Flood Insurance Program. Fidelity's adjuster determined Plaintiff's covered losses to total about $59,000.00 which Fidelity paid Plaintiff on December 9, 2008. On February 2, 2009, Plaintiff's adjuster, Aftermath Adjusters, sent Fidelity a copy of its agreement with Plaintiff and its estimate of her flood loss. Aftermath asked Fidelity to "open a supplement" for Plaintiff's claim and have its "supplemental adjuster contact our office to discuss this loss or to set up an appointment to reinspect the property." No sworn Proof of Loss (POL) was submitted by Plaintiff at

that time.  Fidelity refused to "consider processing" Plaintiff's supplement and denied her

claim by letter dated April 16, 2009.  On May 29, 2009, Plaintiff signed a sworn Proof

of Loss.  That Proof of Loss was sent to Fidelity on July 28, 2009.  On July 29, 2009,

Fidelity rejected Plaintiff's Proof of Loss.  On July 28, 2010, Plaintiff filed suit against

Fidelity for breach of contract.

In its Motion, Fidelity argues that Plaintiff's Complaint was not filed within one

year of the denial of her claim.  Plaintiff counters by arguing that the limitations period

does not begin to run until FEMA or its fiscal agent, in this case Fidelity, denies a claim

that is based upon the insured's sworn Proof of Loss, not based only upon an adjuster's

estimate.

Fidelity relies, in part, on FEMA's interpretive Bulletin W-113069.  The Court,

however, concurs with Plaintiff's conclusion that the Bulletin is not entitled to Chevron[1]

deference because the Bulletin lacks the force of law.  The Bulletin is, in effect, an opinion

letter entitled to respect, but only to the extent the opinions are found persuasive.

Christian v. Harris County, 529 U.S. 576, 587 (2000) (citing, Skidmore v. Swift &

Company, 323 U.S. 134, 140 (1944)).  The Court has read and considered the relevant

opinions expressed in the Bulletin, but finds them unpersuasive.  It remains of the opinion

that cases like Qader v. FEMA, 543 F.Supp. 2d 558 (E.D. La., 2008), were correctly

decided.  A denial to be effective enough to start the limitations period must be a denial

---

[1]   Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984)

of an actual Proof of Loss, the actual sworn statement of the amount the insured is claiming under the Policy, which is a contractual prerequisite to the filing of suit. Consequently, this Court finds Fidelity's denial of Plaintiff's claim following its review of Aftermath's estimate and requests did not trigger the one-year limitations period. It was only triggered by Fidelity's denial of Plaintiff's Proof of Loss on July 29, 2009, and Plaintiff's lawsuit was, therefore, timely filed on July 28, 2010.

For the foregoing reasons, Fidelity's Motion for Summary Judgment (Instrument no. 19) is **DENIED**.

**DONE** at Galveston, Texas, this _____28th_____ day of July, 2015.

John R. Froeschner
United States Magistrate Judge

3